# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ERNEST DRAPER, et al.,         )
                                            )
        Plaintiffs,         )
                                            )
        v.                          ) Civ. No. 18-1578-CFC
                                            )
THE UNITED STATES OF AMERICA,  )
                                            )
        Defendant.        )

## MEMORANDUM

The nine Plaintiffs, all inmates housed within the Oklahoma Department of Corrections at the Joseph Harp Correctional Center located in Cleveland County in Lexington, Oklahoma, filed a "motion to file class action lawsuit under 42 U.S.C. & Section 1983," docketed as a complaint. (D.I. 1)  The filing refers to violations of constitutional rights by a federal actor.[1]  Plaintiffs seek compensatory and punitive damages.

Plaintiffs complain they were wrongly convicted in the Oklahoma State Courts. Plaintiffs allege the federal government failed to protect them from the State of Oklahoma who lack jurisdiction to arrest them, convict them, and house them in a state prison facility.  The Complaint states that "[a]ll of the crimes committed by the Oklahoma Nine were committed on Indian land under the Major Crimes Act, making the jurisdiction completely under the federal government and not the State of Oklahoma." (D.I. 1 at 2)

---

[1] Where a litigant sues federal actors for damages on constitutional grounds, the claim is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971).

Plaintiffs intend to name as defendants the State of Oklahoma, the United States, Oklahoma County Prosecutor, Bureau of Federal Prisons, Governor of the State of Oklahoma, Bureau of Indian Affairs, and Oklahoma Department of Corrections. (*Id.* at 5)

A civil action not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*. *See e.g., Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

Here, it is evident that none of the events or omissions giving rise to Plaintiffs' claims occurred in Delaware. Clearly, they occurred in Oklahoma. The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Western District of Oklahoma where Plaintiffs are housed in the Oklahoma Department of Corrections where most, if not all of the proposed Defendants are located, and where based upon the allegations it appears all the events took place.

For the above reasons, the Clerk of Court will be directed to transfer this action to the United States District Court for the Western District of Oklahoma.

A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Dated:  October 29 , 2018
Wilmington, Delaware